1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT

8    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   THOMAS FRANKLIN PALMER,              No. 2:17-cv-00515-GGH

11                 Petitioner              ORDER

12         v.

13   SCOTT KERNAN,

14                 Respondent.

15

16          Petitioner seeks two orders from this court.  The first, filed in response to an order of this

17   court dated October 26, 2018, ECF No. 14, seeks reservice of respondent's Answer to his

18   petition, ECF No. 10, and the second seeks appointment of counsel.  ECF No. 15.  The court will

19   address the second request first.

20   A.    Appointment of Counsel

21          Petitioner has sought appointment of counsel to represent him in proceeding with his case.

22   ECF No. 15.  In his petition he claims two grounds for his claim of constitutional error at his trial.

23   The first is the impermissible admission of evidence of uncharged misconduct that did not meet

24   the requirements for admissibility – such as evidence of motive – thereby violating his 4th, 5th, 8th

25   and 14th amendment rights.  ECF 1 at 4.

26          There currently exists no absolute right to appointment of counsel in habeas proceedings.

27   See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A

28   authorizes the appointment of counsel at any stage of the case "if the interests of justice so

1

require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

In an earlier such motion which the court did not address, plaintiff asserted that he suffers from post traumatic stress as the basis for his request for appointment of counsel. ECF No. 4. At this point the court notes that petitioner put together a reasonable and well-organized petition and demonstrates his access to his previous attorney's pleadings. His claim that his "informal request" for discovery of specific documents or information were ignored merely indicates that he needs to make a formal request in the proceedings before the court in an effort to get that which he finds central to his case. He appears fully capable of undertaking that task. The court cannot, therefore, find that the interests of justice require the appointment of counsel at this time.

B.     <u>Reservice of Documents</u>

In its Order to Show Cause of October 26, 2018, ECF No. 14, this court recognized that it was possible that, since petitioner had recently relocated, petitioner did not receive respondent's Answer, and invited him to seek reservice if that were the case. He has made that request and the court will direct the respondent to reserve the relevant documents. As stated in this court's Order of March 20, 2017, since the respondent filed an Answer, rather than a motion to dismiss, petitioner shall have 45 days to file a traverse from the date that respondent files the records of the Third District Court of Appeal in electronic format with the attendant reservice of the earlier filed Answer.

CONCLUSION

In light of the foregoing IT IS HEREBY ORDERED that:

1.     Petitioner's Motion to Appoint Counsel is DENIED without prejudice;

2.     The respondent shall reserve the Answer;

3.     Respondent shall file the documents identified in ECF No. 11 electronic form so they may be accessed by both petitioner and the court electronically;

////

////

2

1    4.    Petitioner shall have 45 days to file a traverse calculated from the date respondent

2 files the record in electronic format and re-serves the Answer;

3    **IT IS SO ORDERED.**

4 Dated: November 20, 2018

/s/ Gregory G. Hollows<br>
UNITED STATES MAGISTRATE JUDGE